UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMANTHA RYALS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

CASE NO.:

## COMPLAINT

Plaintiff, Samantha Ryals (hereinafter "Samantha"), by and through undersigned counsel, hereby sues Defendant, United States of America ("Defendant") for damages and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This action is based upon the Federal Tort Claims Act, 28 U.S.C. § 1346(b) *et sec.*, and is brought for damages caused by the negligence or wrongful acts or omissions of Defendant.

2. This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1346(b).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), as this is a tort claim against the United States arising under 28 U.S.C. 1346(b), and all of the events or omissions giving rise to this claim occurred in this District.

4. The United States of America is a defendant in this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671 *et seq.*, arising from the acts and



omissions of employees and agents of the National Park Service.

5. At all material times, the National Park Service is and was a "Federal agency" as defined within 28 U.S.C. § 2671.

6. At all material times, Plaintiff, Samantha Ryals is and was a resident of the District of Columbia.

7. Plaintiff has complied with and exhausted all applicable pre-suit notice requirements under 28 U.S.C. § 2675 and § 2401(b) by providing notice of her claim via Standard Form 95 and supplemental documentation to Defendant regarding her injuries and damages tortiously caused by Defendant. Samantha's claim demanded damages in the amount of one million dollars ($1,000,000.00).

8. Plaintiff presented her claim to Defendant on October 25, 2022. Six months have passed since Defendant received notice of Plaintiff's claim. To date, Defendant has failed to make any disposition of Samantha's claim. Thus, pursuant to 28 U.S.C. § 2675(a), this case is now ripe for filing.

9. This action is timely under 28 U.S.C. § 2401(b) and § 2675(a).

## GENERAL ALLEGATIONS

10. On the afternoon of June 10, 2021, Samantha took her dog for a walk in Lincoln Park located in Washington D.C. (the "Park").

11. As Samantha walked through the grass in the northwest section of the Park, she stepped on the edge of a hidden hole, causing her to immediately fall to the ground as her legs buckled. Samantha heard multiple "pop" sounds as she fell to the ground.

12. Samantha could not see the hole because it was covered and camouflaged by tall grass in the Park, rendering it completely undetectable to the naked eye.



13. At the time of her fall and all times prior thereto, Samantha exercised reasonable care for her own safety.

14. At all material times, Defendant, through the National Park Service, owned, operated, and/or managed the Park and exercised total and complete control over its maintenance and condition.

15. As a direct result of Defendant's negligence, Samantha suffered severe, permanent, and continuing injuries in the fall including a trimalleolar fracture of her left lower extremity.

16. As a result of her injuries, Samantha underwent an open reduction and internal fixation of her left lower extremity. Two metal plates and fourteen screws were inserted into her left lower extremity in an effort to repair the significant damage caused when she fell in the hole.

17. After the surgery, Samantha underwent significant physical therapy treatment and further treatment from a personal trainer, but her improvement was slow and minimal, and Samantha continues to experience pain, swelling, loss of range of motion, and occasional numbness in her left toes, which may require additional surgical intervention in the future.

18. Due to the permanent nature of the injuries Samantha suffered, she is no longer able to do many of the things she used to enjoy. Samantha's social life and active lifestyle has been devastatingly impacted by the injury caused by Defendant's negligence.

BFW
BRODSKY FOTIU-WOJTOWICZ

## **COUNT I: NEGLIGENCE**

19. Samantha realleges and incorporates each allegation in paragraphs 1-18 above as if fully set forth herein.

20. At all material times, Defendant, through the agents and employees of the National Park Service, had exclusive dominion, possession, and control over the Park, including the northwest section where Samantha was injured.

21. At all material times, Samantha was an invitee lawfully on the Park premises.

22. As the owner, operator, and/or manager of the Park, Defendant, through the agents and employees of the National Park Service, owed a duty of reasonable care to Samantha. Under the circumstances, the duty of reasonable care included the duty to maintain the Park in a reasonably safe condition and to adequately warn of dangerous conditions of which Defendant knew or should have known.

23. Defendant, through the agents and employees of the National Park Service, breached the duty it owed to Samantha in some or all of the following ways:

   a. Creating a dangerous, hidden, and hazardous condition on the premises where the fall occurred;
   b. Failing to create, implement, and follow regulations, rules, and directives to ensure that the Park grounds were safe for use by individuals visiting the Park on foot, such as Samantha;
   c. Failing to warn of the dangerous and hazardous condition of the hidden hole at the time and place of the fall;
   d. Failing to notify foreseeable users on the premises of the unsafe condition of the hidden hole and the danger that one could fall while walking into the hole resulting in serious injury;
   e. Failing to address the hole to fill it, remove it, and/or block it to ensure it was reasonably safe prior to Samantha's fall; and/or
   f. Failing to have reasonable supervision, inspection, and maintenance

4



protocols and procedures in place in order to detect and remedy the hidden hole.

24. As a direct and proximate result of Defendant's negligence, as described herein, Samantha suffered bodily injury and resulting pain and suffering, disability, scarring, disfigurement, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and expense of medical care and treatment. These losses are permanent and continuing, and Samantha will continue to suffer such losses in the future.

WHEREFORE, Plaintiff Samantha Ryals, demands judgment from and against Defendant the United States of America in the full amount of one million dollars ($1,000,000.00), plus interest, and costs, and such other and further relief as this Court deems just and proper.

Dated: May 4, 2023

Respectfully Submitted,

By: */s/ Michael S. Olin*

Michael S. Olin, Esq.
Florida Bar No. 220310
DC Bar ID: 372067
Alaina Fotiu-Wojtowicz, Esq.
*Pro Hac* Pending
Robert Visca, Esq.
*Pro Hac* Pending
BRODSKY FOTIU-WOJTOWICZ, PLLC
*Counsel for Plaintiff*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
alaina@bfwlegal.com
michael@bfwlegal.com
docketing@bfwlegal.com

5

