UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMANTHA RYALS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>　　　　Defendants. | Civil Action No. 23-1270 (ZMF) |

**DEFENDANT'S MOTION FOR EXTENSION OF
TIME TO DESIGNATE A LIABILITY EXPERT**

Pursuant to Rule 6(b), Defendant the United States of America respectfully moves the Court for an order enlarging the expert designation deadline up to and including April 11, 2025. The current deadline is March 18, 2025. Defendant is not seeking to move any other deadline, including the expert discovery cut-off deadline. Plaintiff, through counsel, opposes this motion. Nonetheless good cause supports granting this extension.

The United States has identified an expert and has had preliminary discussions with the expert about the case. But the expert cannot begin his work on the case until the finance office approves his contract with the Government. Despite the undersigned's diligence in timely obtaining supervisory approval and submitting the required forms to the finance office, this administrative took longer than anticipated and will not be completed in time for the expert to meet the March 18 deadline. Obtaining approval from the U.S. Attorney's finance office has taken longer than the undersigned counsel anticipated because this expert has never worked with the U.S. Attorney's Office before, which requires additional administrative processing. The undersigned counsel and the administrative staff assigned to him have persistently checked-in with

the finance staff and the expert in attempting to move the approval process along, but the delay has been beyond the undersigned counsel's control. To be sure, the finance office services the entire U.S. Attorney's Office, and not just the Civil Division, on a variety of matters involving government expenditures, including paying expert witnesses.

Granting this extension will ensure that Defendant's have an expert who can rebut Plaintiff's expert testimony. The extension will neither cause Plaintiff any prejudice nor delay resolution of this case. Crucially, the United States only seeks a three-seek extension of the expert designation deadline from March 18 to April 11, 2025. All other case management deadlines remain undisturbed, including the close of expert discovery on April 25, 2025, and dispositive motions on May 27, 2025. Defendant has already taken Plaintiff's liability expert's deposition and fact discovery has been closed since February 25, 2025. Defendant's liability expert designation is the final piece of discovery that still needs to occur.

Accordingly, having established good cause, Defendant respectfully requests that the Court enlarge Defendant's expert designation deadline up to and including April 11, 2025.

Dated: March 15, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: */s/ John J. Bardo*
    JOHN J. BARDO, D.C. Bar #1655538
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 870-6770

*Attorneys for the United States of America*